MARIA A. AUDERO (SB# 210141)
mariaaudero@paulhastings.com
PHILIPPE A. LEBEL (SB# 274032)
philippelebel@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
ABNK Properties, LLC
*Additional Counsel on Next Page*

FILED

11 JAN -7 PM 4:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ERIC LANGNER,

Plaintiff,

vs.

ABNK PROPERTIES, LLC, A Delaware Corporation; ALEX L. FISHMAN, Partner F A F INVESTMENT CO.; LARRY F. FISHMAN, PARTNER F A F INVESTMENT CO.; MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; LAWRENCE O. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THOMAS S. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; WILLIAM C. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; RANDOLPH WISE, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, and DOES 1 through 100, inclusive,

Defendants.

CASE NO. CV11 0252 SJO (RZx)

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Ventura Superior Court, Case No. 56-2010-00383325-CU-CR-SIM

VORYS, SATER, SEYMOUR AND PEASE LLP
JACKLYN J. FORD (*to be admitted pro hac vice*)
jjford@vorys.com
RICHARD T. MILLER (*to be admitted pro hac vice*)
rtmiller@vorys.com
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216
Telephone: (614) 464-6400
Facsimile: (614) 464-6350

Attorneys for Defendant
ABNK Properties, LLC

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF ERIC LANGNER, AND TO HIS ATTORNEYS OF RECORD, RAYMOND G. BALLISTER, JR., MARK D. POTTER AND CENTER FOR DISABILITY ACCESS:

PLEASE TAKE NOTICE THAT Defendant ABNK PROPERTIES, LLC ("Defendant ABNK" or "ABNK") hereby removes this action from the Superior Court of the State of California for the County of Ventura to the United States District Court for the Central District of California. This removal is based on federal question jurisdiction, 28 U.S.C. §§ 1331 and 1441, for the reasons stated below:

1. On October 13, 2010, Plaintiff Eric Langner filed a Complaint in the Superior Court of the State of California in the County of Santa Ventura, entitled: *Eric Langner, Plaintiff, v. ABNK Properties, LLC, A Delaware Corporation; Alex L. Fishman, Partner F A F Investment Co.; Larry F. Fishman, Partner F A F Investment Co.; Mackel Wallis Development, A California General Partnership; Lawrence O. Mackel, General Partner Mackel Wallis Development, A California General Partnership; Thomas S. Mackel, General Partner Mackel Wallis Development, A California General Partnership; William C. Mackel, General Partner Mackel Wallis Development, A California General Partnership; Randolph Wise, General Partner Mackel Wallis Development, A California General Partnership, and Does 1 through 100, inclusive, Defendants*, designated as Case No. 56-2010-00383325-CU-CR-SIM, alleging four purported causes of action against Defendants: (i) a violation of the Americans with Disabilities Act of 1990; (ii) violation of the Unruh Civil Rights Act; (iii) violation of the California Disabled Persons Act; and (vi) negligence. True copies of the Complaint Plaintiff

filed in this Action, the summons issued on the Complaint, and other papers filed in the action are attached as Exhibits "(A) 1" through "(A) 3" to this Notice.

2. On December 9, 2010, Plaintiff served a copy of the Summons and Complaint on ABNK.

3. Accordingly, this Notice of Removal is being filed within thirty (30) days after receipt by Defendant ABNK of the initial pleading and is timely filed pursuant to 28 U.S.C. § 1446(b).

4. In accordance with 28 U.S.C. § 1446(d), Defendant will, promptly after filing the Notice of Removal, give written notice of the Notice of Removal to the adverse parties and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the State of California for the County of Ventura. True and correct copies of these Notices are attached hereto as Exhibits "B" and "C," respectively.

**REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

5. The Complaint properly may be removed on the basis of federal question jurisdiction if the civil action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §§ 1331 and 1441.

6. Plaintiff's Complaint alleges at least one federal claim, a violation of the "Americans with Disabilities Act Accessibility Guidelines." Ex. A (1), ¶¶ 6, 15-16, 18-19. Plaintiff's claim of a purported violation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, provides the basis for jurisdiction under 28 U.S.C. § 1331.

7. A district court may adjudicate state law claims that are transactionally related to the federal claim. *See* 28 U.S.C. § 1367(a).

8. Accordingly, removal of the Complaint, and each alleged cause of action contained therein, is appropriate.

9. The United States District Court for the Central District of California is the district court for the district that includes the County of Ventura, California.

**CONSENT OF OTHER SERVED DEFENDANTS**

10. All Defendants named in the Complaint who have been served a copy of the Complaint, Mackel Wallis Development, Lawrence O. Mackel, Thomas S. Mackel, and William C. Mackel, consent to this removal.

WHEREFORE, Defendant ABNK removes the above-entitled action now pending in the Superior Court of the State of California for the County of Ventura to this Court.

DATED: January 7, 2011

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARIA A. AUDERO
PHILIPPE A. LEBEL

By: [signature]
MARIA A. AUDERO

Attorneys for Defendant
ABNK Properties, LLC

LEGAL_US_W # 66866778.1

# Exhibit A

# Exhibit 1

SUM-100

# SUMMONS
(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA SUPERIOR COURT FILED

OCT 13 2010

MICHAEL D. PLANET
Executive Officer and Clerk
By: ________________, Deputy
I. CABURAL

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
ABNK PROPERTIES, LLC, A Delaware Corporation; ALEX L. FISHMAN, Partner F A F INVESTMENT CO.; LARRY F. FISHMAN, PARTNER F A F INVESTMENT CO.; MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; LAWRENCE O. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THOMAS S. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; WILLIAM C. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; RANDOLPH WISE, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
ERIC LANGNER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decider en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso an la corte. Es possible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en al Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es possible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) or poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Simi Valley Superior Court
(El nombre y dirección de la corte es):3855F Alamo Street, Simi Valley, CA 93063

CASE NUMBER:
(Numero del Caso):
56-2010-00383325-CU-CR-SIM

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Center for Disability Access, 9845 Erma Road, Suite 300, San Diego, CA 92131 (858) 375-7385

DATE: OCT 13 2010 MICHAEL PLANET Clerk, by I. CABURAL, Deputy
(Fecha) (Secretario) (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

[Seal]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): ABNK PROPERTIES, LLC, A Delaware Corporation.
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ Other (specify):
4. ☐ by personal delivery on (date):

VN.027

| ATTORNEY OF PARTY WITHOUT ATTORNEY (Name and Address) / Telephone Number | FOR COURT USE ONLY |
|---|---|
| CENTER FOR DISABILITY ACCESS (858) 375-7385<br>9845 Erma Road, Suite 300<br>San Diego, CA 92131<br>E-MAIL ADDRESS<br>ATTORNEY FOR (Name): Plaintiff, ERIC LANGNER | VENTURA SUPERIOR COURT FILED<br>OCT 13 2010<br>MICHAEL D. PLANET Executive Officer and Clerk<br>By: ______, Deputy<br>I. CABURAL |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA<br>☐ 800 SOUTH VICTORIA AVE. VENTURA, CA 93009<br>☑ 3855 – F ALAMO ST. SIMI VALLEY, CA 93063-2110 | |
| PLAINTIFF/PETITIONER ERIC LANGNER<br>DEFENDANT/RESPONDENT ABNK PROPERTIES, LLC, et al. | |
| **DECLARATION FOR COURT ASSIGNMENT**<br>(Family Law and Unlawful Detainer and all other General actions ONLY) | CASE NUMBER:<br>56-2010-00383325-CU-CR-SIM |

Family Law, Domestic Violence, Paternity, Harassment, Unlawful Detainer, and all other General Civil actions presented for filing MUST be accompanied by this declaration.

The undersigned declares that the above entitled matter is filed for proceedings in the:

☑ **East County Division,** 3855 – F Alamo St., Simi Valley, Ca 93063 (Based upon Zip Code designation.)

☐ 91301 ☐ 91302 ☐ 91304 ☐ 91307 ☐ 91360 ☐ 91361 (Family Law Only)
☐ 91362 ☐ 91377 ☐ 93020 ☐ 93021 ☐ 93062 ☐ 93063
☐ 93064 ☑ 93065 ☐ 91363

☐ **Ventura Division,** 800 S. Victoria Ave., Ventura, Ca 93009 (Venue does NOT fall within the Zip Codes above but is within Ventura County .

For the checked reason:

| | |
|---|---|
| ☐ Contract | Performance in the division is expressly provided for |
| ☐ Equity | The cause of action arose within the division |
| ☐ Eminent Domain | The property is located within the division |
| ☐ Family Law | Plaintiff, defendant, petitioner or respondent resides within the division |
| ☐ Harassment | Plaintiff, defendant, petitioner or respondent resides within the division |
| ☐ Mandate | The defendant functions wholly within the division |
| ☐ Name Change | The petitioner resides within the division |
| ☐ Paternity | Plaintiff, defendant, petitioner or respondent resides within the division |
| ☐ Personal Injury | The injury occurred within the division or the defendant resides within the division |
| ☐ Personal Property | The property is located within the division or the defendant resides within the division |
| ☐ Prohibition | The defendant functions wholly within the division |
| ☐ Review | The defendant functions wholly within the division |
| ☐ Title to Real Property | The property is located within the division |
| ☐ Unlawful Detainer | The property is located within the division |
| ☐ Domestic Violence | Plaintiff, defendant, petitioner or respondent resides with the division |
| ☒ Civil not otherwise specified | The property is located within this division<br>(Venue Rule Applicable) |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the division:

Name: Sycamore Square Shopping Center Address: 2800-2986 Cochran Street, Simi Valley, CA 93065

Upon information and belief, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 22, 2010

Signature of Attorney/Party

**DECLARATION FOR COURT ASSIGNMENT**

Mandatory Form
VN027[Rev 7/07]

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Raymond G. Ballister, Jr. / Mark D. Potter SBN 111282 / 166317
Center for Disability Access
9845 Erma Road, Suite 300
San Diego, CA 92131
TELEPHONE NO.: (858) 375-7385 FAX NO.: (888) 422-5191
ATTORNEY FOR (Name): Plaintiff ERIC LANGNER

FOR COURT USE ONLY

VENTURA SUPERIOR COURT FILED

OCT 13 2010

MICHAEL D. PLANET
Executive Officer and Clerk
By: ______________, Deputy
I. CABURAL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 3855F Alamo Street
MAILING ADDRESS: 3855F Alamo Street
CITY AND ZIP CODE: Simi Valley, CA 93063
BRANCH NAME:

CASE NAME:
LANGNER v. ABNK PROPERTIES, LLC, et al.

**CIVIL CASE COVER SHEET**

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

☐ Counter ☐ Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 56-2010-00383325-CU-CR-SIM

JUDGE:

DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☑ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/22/10

RAYMOND G. BALLISTER, JR.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc. www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
MARK D. POTTER, ESQ., SBN 166317
9845 Erma Road, Suite 300
San Diego, CA 92131-1084
(858) 375-7385; Fax (888) 422-5191

Attorney for Plaintiff ERIC LANGNER

VENTURA
SUPERIOR COURT
FILED
OCT 13 2010
MICHAEL D. PLANET
Executive Officer and Clerk
By: ________, Deputy
I. CABURAL

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF VENTURA

ERIC LANGNER,

Plaintiff,

v.

ABNK PROPERTIES, LLC, A Delaware Corporation; ALEX L. FISHMAN, Partner F A F INVESTMENT CO.; LARRY F. FISHMAN, PARTNER F A F INVESTMENT CO.; MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; LAWRENCE O. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THOMAS S. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; WILLIAM C. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; RANDOLPH WISE, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, and DOES 1 through 100, inclusive,

Defendants.

Case No.: 56-2010-00383325-CU-CR-SIM

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE**

**DEMAND FOR JURY**

Plaintiff ERIC LANGNER complains of Defendants ABNK PROPERTIES,

LLC, A Delaware Corporation; ALEX L. FISHMAN, Partner F A F INVESTMENT CO.; LARRY F. FISHMAN, PARTNER F A F INVESTMENT CO.; MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; LAWRENCE O. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THOMAS S. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; WILLIAM C. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; RANDOLPH WISE, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**PARTIES:**

**1.** Plaintiff is a California resident with physical disabilities. He is a C-3 quadriplegic, who cannot walk, and requires an electric for mobility.

**2.** Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Sycamore Village Shopping Center located at 2800 – 2986 Cochran Street, Simi Valley, California.

**3.** Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

**4.** The Plaintiff has patronized various businesses located in the Shopping

Center on a number of occasions including on April 8, 2010.

**5.** The Shopping Center is a facility open to the public, a place of public accommodation, and a business establishment.

**6.** Unfortunately, the Shopping Center presented barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations.

**7.** The Defendants property is what is commonly referred to as a shopping center or mall. It is an open-area Shopping Center where the stores are arranged in a row, with a sidewalk in front. There are multiple buildings with multiple entrances. The adjacent parking lots are not reserved for individual stores but serve the entire center. There are clusters of accessible parking spaces at different locations.

**8.** The plaintiff complains about the parking spaces that are located closest to the Dollar Store, which he shops at on a regular basis. These particular accessible parking spaces violate the location requirements of the American with Disabilities Act Accessibility Guidelines.

**9.** Under those regulations, the accessible parking spaces "shall be dispersed and located closest to the accessible entrances." ADAAG 4.6.2. Here, those parking spaces are not closest to any accessible entrance.

**10.** If one were to park in the accessible parking spaces across from the Dollar Store, they would not be able to travel directly to the front entrance of the Dollar Store because there is an unramped, uncut curb that precludes such travel. Instead, when the Plaintiff parks in these accessible parking spaces (across from the Dollar Store) he is forced to travel a significantly long distance in the vehicular drive lanes to the location where there is a curb cut and then back the entire distance to the store entrance.

**11.** The plaintiff experiences difficulty and discomfort in having to deal with this violation. Moreover it is somewhat dangerous.

**12.**The Plaintiff personally encountered these violations, which violations resulted in difficulty to the Plaintiff and resulted in the Plaintiff being denied full and

equal access required by law. The Plaintiff's first hand knowledge of these violations has dissuaded and deterred him from patronizing Defendants' Shopping Center on several other occasions.

**13.** Naturally, Plaintiff LANGNER was frustrated, angry and/or vexed as a result of encountering unlawful conditions, violations of his civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiff's civil rights by these Defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the Defendants and Plaintiff seeks redress from these Defendants for such injury.

**14.** Plaintiff would like to return and patronize the Defendants' Shopping Center but because of Plaintiff's knowledge of the existence of the inaccessible conditions and policies, the Plaintiff is unable to use the Shopping Center on a "full and equal" basis until the Shopping Center is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is being deterred from returning and patronizing the Defendants' Shopping Center.

**I. FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

**15.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building

Code, including, but not limited to, designated accessible parking places not being dispersed and located closest to the accessible entrances, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**II. SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

**16.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, designated accessible parking places not being dispersed and located closest to the accessible entrances, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**17.** The acts alleged above, which form the basis of the Plaintiff's discrimination claim, are intentional acts.

**III. THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

**18.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, designated accessible parking places not being dispersed and located closest to the accessible entrances, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**IV. FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**19.** The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their Shopping Center. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000.

///

///

///

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: September 22, 2010 CENTER FOR DISABILITY ACCESS

By: [signature]
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 22, 2010 CENTER FOR DISABILITY ACCESS

By: [signature]
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

# IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS

This form is available in English, Spanish, Chinese, Vietnamese, and Korean through the California Courts Web site. Persons with visual impairments can get assistance in viewing this form through the Web site. The Web site is located at *www.courtinfo.ca.gov*.

Existing law requires that you receive this information because the demand for money or complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

## You Have Important Legal Obligations.

Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect. (See *www.dsa.dgs.ca.gov/access/ud_accessmanual.htm*.) Commencing September 1, 2009, information will also be available from the California Commission on Disability Access Web site.

## You Have Important Legal Rights.

You are not required to pay any money unless and until a court finds you liable. Moreover, **receipt of this advisory does not necessarily mean you will be found liable for anything.**

You may wish to promptly consult an attorney experienced in this area of the law to get helpful legal advice or representation in responding to the demand for money or complaint you received. You may contact the local bar association in your county for information on available attorneys in your area. If you have insurance, you may also wish to contact your insurance provider. You have the right to seek assistance or advice about this demand for money or complaint from any person of your choice, and no one may instruct you otherwise. Your best interest may be served by seeking legal advice or representation from an attorney.

If a complaint has been filed and served on you and your property has been inspected by a Certified Access Specialist (CASp; see *www.dsa.dgs.ca.gov/access/casp.htm*), you may have the right to a court stay (temporary stoppage) and early evaluation conference to evaluate the merits of the construction-related accessibility claim against you pursuant to Civil Code section 55.54. At your option, you may be, but need not be, represented by an attorney to file a reply and to file an application for a court stay and early evaluation conference. If you choose not to hire an attorney to represent you, you may obtain additional information about how to represent yourself and how to file a reply without hiring an attorney through the California Courts Web site at *www.courtinfo.ca.gov/selfhelp*. You may also obtain a form to file your reply to the lawsuit, as well as the form and information for filing an application to request the court stay and early evaluation conference, at that same Web site.

If you choose to hire an attorney to represent you, the attorney who sent you the demand for money or complaint is prohibited from contacting you further unless your attorney has given the other attorney permission to contact you. If the other attorney does try to contact you, you should immediately notify your attorney.

**NOTICE TO DEFENDANT**

**YOU MAY BE ENTITLED TO ASK FOR A STAY (TEMPORARY STOPPAGE) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT.**

If the construction-related accessibility claim pertains to a site that has been inspected by a Certified Access Specialist (CASp) and you have an inspection report for that site, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form are true.

The court will schedule the conference to be held within 50 days after you file the attached application form. The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. At your option, you may be, but need not be, represented by an attorney to file the application to request the early evaluation conference. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at http://www.courtinfo.ca.gov/selfhelp/.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not have an attorney, you will need to file the application within 30 days after you receive the summons and complaint to request the stay and early evaluation conference. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at http://www.courtinfo.ca.gov/selfhelp/. If a plaintiff representing himself or herself hires an attorney after the case is filed, you will have 30 days to file an application for a court stay and early evaluation conference after you receive a Notice of Substitution of Counsel, unless an early evaluation conference or settlement conference has already been held.

You may file the application form without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Civil Code Section 55.55.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF | |
| DEFENDANT | |
| **DEFENDANT'S APPLICATION FOR STAY & EARLY EVALUATION CONFERENCE PER CIVIL CODE 55.54** | CASE NUMBER: |

1. Defendant (names) ______________________ requests a stay of proceedings and early evaluation conference pursuant to Civil Code, section 55.54.
2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code, section 55.52(a)(1).
3. The claim concerns a site that (put a check mark if the statement is true)
   a. ____ Has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected to CASp determination pending and, if CASp inspected, have been no modifications completed or commenced since the date of the inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; AND
   b. ____ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

**BOTH "a." and "b." must be checked for the court to order a Stay & Early Evaluation Conference.**

4. I am requesting the court to:
   a. Stay the proceedings relating to the construction-related accessibility claim.
   b. Schedule and Early Evaluation Conference
   c. Order Defendant to file a copy of the Certified Access Specialist (CASp) report with the court under seal and serve a cop on the Plaintiff at least fifteen (15) days before the Early Evaluation Conference date, which shall be subject to a protective order.
   d. Order Plaintiff to file the Statement required by Civil Code Section 55.54(d)(5)(A)-(D) with the court and serve a copy of the statement on the Defendant at least fifteen (15) days before the date of the Early Evaluation Conference.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)



American LegalNet, Inc.
www.FormsWorkflow.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF<br>DEFENDANT | |
| **NOTICE OF STAY & EARLY EVALUATION CONFERENCE**<br>***(CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS)*** | CASE NUMBER: |

## STAY OF PROCEEDING

*For a period of 90 days from the date of the filing of this notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claims or claims in this case.*

*This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is in place.*

## NOTICE OF EARLY EVALUATION CONFERENCE

1. *This action includes a construction-related accessibility claim under Civil Code Section 55.52(a)(1) or other provision of law;*

2. *A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code Section 55.54;*

3. *The early evaluation conference is scheduled as follows:*

   a. *Date:* *Time:* *Dept:* *Judge:*

   b. *The conference will be held at ___ (the court address above), or ___ at: ____________________*

4. *The plaintiff and defendant shall attend with any other person needed for settlement of the case unless a party's disability requires the party's participation by a telephone appearance or other alternative means or through the personal appearance of an authorized representative.*

5. *The defendants who requested the conference and stay of proceedings shall file with the court under seal and serve on all parties a copy of the CASp report for the site that is the subject of the construction-related accessibility claim at least fifteen (15) days before the date set for the early evaluation conference, which shall be subject to a protective order for confidentiality.*

6. *The plaintiff shall file with the court and serve at least fifteen (15) days before the date set for the early evaluation conference a statement providing the following:*
   a. *An itemized list of specific conditions on the subject premises that are the basis of the claimed construction-related accessibility standards in the plaintiff's complaint.*

American LegalNet, Inc.
www.FormsWorkflow.com

b. The amount of damages claimed;
c. The amount of attorney's fees and costs incurred to date, if any, that are being claimed;
d. Any demand for settlement of the case in its entirety.

7. A copy of this Notice and Order and the Defendant's Application shall be served on the plaintiff or plaintiff's attorney by hand delivering it or mailing it to the address listed on the complaint on the same date that the court issues this Notice and Order of Stay of Proceeding and Early Evaluation Conference.

Date: ________________ Clerk, by ______________________.

More information about this Notice and Order and the defendant's application and instruction to assist plaintiff and defendant in complying with this Notice and Order may be available at http://www.courtinfo.ca.gov/selfhelp/

---

**REQUESTS FOR ACCOMMODATION**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear. Contact the clerk's office or go to www.courtinfor.ca.gov/forms/ for Requests for Accommodations By Persons with Disabilities and Order (form MC-410) (Civil Code Section 54.8).

---

**PROOF OF SERVICE**

(Required from Defendant Filing Application for Stay and Early Evaluation Conference)

I served a copy of the defendant's Application for Stay and Early Evaluation Conference Pursuant to Civil Code Section 55.54 and the court Notice and Order of Stay of Proceedings and Early Evaluation Conference.

______ On the plaintiff's attorney.

By hand delivering it or mailing it to the address listed on the complaint on the day the court issued this Notice and Order of Stay of Proceedings and Early Evaluation Conference.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: __________

______________________________ ______________________________

Type of Print Name Signature

______________________________

Address of serving person.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA<br>☐ 800 SOUTH VICTORIA AVE, VENTURA CA. 93009<br>☐ 3855 - F ALAMO ST. SIMI VALLEY, CA. 93062-1200 | |
| PLAINTIFF:<br>DEFENDANT: | |
| STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS | CASE NUMBER: |

The parties and their attorneys stipulate that the claim(s) in this action shall proceed to the following alternative dispute resolution process:

- ☐ Private Mediation
- ☐ Mandatory Early Settlement Conference
- ☐ Binding Arbitration
- ☐ Volunteer Mediation ______
- ☐ Assignment to Private Judge
- ☐ Non-Binding Arbitration
- ☐ Other (specify): ______

It is further stipulated that the deadline for selection of a neutral and completion of the ADR process is: ______

______ Plaintiff (print)

______ Defendant (print)

______ Signature of Plaintiff

______ Signature of Defendant

______ Plaintiff's Attorney (print)

______ Defendant's Attorney (print)

______ Attorney's Signature

______ Attorney's Signature

Dated: ______

Dated ______

IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT: ______

Dated: ______

______ Judicial Officer

# Ventura County Superior Court
# Civil Case Track Time Schedule

| Day | Event | Comment |
|---|---|---|
| 1 | Complaint filed with Case Information Sheet, Declaration re Court Assignment and Civil Case Cover Sheet. | Judge is assigned; the track is determined. |
| **60** | **Proof(s) of service filed with court.** | **Plaintiff must file proof(s) of service within 60 days of filing of complaint or OSC will be set.** |
| 65 | Notice of OSC sanctions for failure to file Proof(s) of Service. | Notice of OSC date sent. |
| 75 | Hearing re OSC sanctions for failure to file proof(s) of service. | Plaintiff must file Proof(s) of Service or appear and show cause at set hearing, or the plaintiff's attorney will be sanctioned. |
| 110 | Hearing re OSC re entry of default as to non-responding parties set. | Plaintiff must file request to enter default within 10 days after time for service has elapsed or appear at hearing. |
| **110** | **Notice of Case Management Conference.** | **If Case Management Statement is filed no appearance at hearing is necessary. (Statement must be filed 15 days prior to hearing.)** |
| **150** | **Deadline to file Case Management Statement.** | **If Case Management Statement is not timely filed it may not be considered.** |
| 165 | Case Management Conference held. | If Case Management Statement is not filed hearing will remain on calendar and appearance is required. |
| 180 | Case Management Order sent to Case Management Unit. | Notice of trial date, MSC, arbitration sent. |
| 180 | Non Arbitration cases - trial date is set 49 weeks after original filing date; Mandatory Settlement Conference set approximately 3 weeks prior to trial. | Notice of Trial and MSC dates sent. |
| 200 | Arbitration cases- Notice with Panel of Arbitrators is mailed. | Parties have ten days to file a rejection of Arbitrator or Stipulation to Arbitrator. |
| Note | **Arbitration cases will be given a post-arbitration trial date. Setting is approximately 49 weeks after filing of complaint.** | |
| 211 | Notice of selection of Arbitrator sent to all parties and Arbitrator. | If no stipulation and no rejection of arbitrators is received, the court selects arbitrator and gives notice. |
| 270 | Arbitration cases: award or request for trial de novo filed. | Arbitration is not deemed complete until the arbitration award is filed with the court. |
| 320 | Mandatory Settlement Conferences. | Mandatory Settlement Conference Statements must be filed five (5) court days prior to conference. |
| 340 | Trials. | |

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

3855-F Alamo Street
Simi Valley , CA 93063
(805) 582-8086

## NOTICE OF CASE ASSIGNMENT

Case Number: 56-2010-00383325-CU-CR-SIM

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this Notice of Case Assignment must be served on all named defendants/respondents with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Barbara A. Lane | Simi Valley | S5 |

[ x ] ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Court calendars vary from courtroom to courtroom. You may contact the clerk's office for more information when you need to schedule a hearing before the judicial officer.

**Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Per Local Rule 15.03, all ex parte documents must be filed in the courthouse where the ex parte application shall be heard.

**Noticed Motions**

Contact the clerk's office to reserve a date for a law and motion matter. Per Local Rule 3.19, all law and motion documents must be filed in the courthouse where the motion shall be heard.

**Other Information**

You can visit the court's website at www.ventura.courts.ca.gov for public access to non-confidential case information, local rules and forms, and other court information.

Clerk of the Court,

Date: 10/13/2010

By: [signature]
Isabel Cabural, Clerk

# Exhibit 2

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARIA A. AUDERO (SB# 210141)
PHILIPPE A. LEBEL (SB# 274032)
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
ABNK Properties, LLC

Additional Counsel for Defendant
ABNK Properties, LLC on Page 1

VENTURA
SUPERIOR COURT
FILED
JAN 06 2011
MICHAEL D. PLANET
Executive Officer and Clerk
BY: Deputy
M. AKUNA

PDF FILING

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF VENTURA

ERIK LANGNER,,

Plaintiff,

vs.

ABNK PROPERTIES, LLC, A Delaware Corporation; ALEX L. FISHMAN, Partner F A INVESTMENT CO.; LARRY F. FISHMAN, PARTNER F A F INVESTMENT CO.; MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, LAWRENCE O. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THOMAS S. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, WILLIAM C. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; RANDOLPH WISE, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 56-2010-00383325-CU-CR-SIM

**ANSWER OF DEFENDANT ABNK PROPERTIES LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

VORYS, SATER, SEYMOUR AND PEASE LLP
JACKLYN J. FORD (*to be admitted pro hac vice*)
RICHARD T. MILLER (*to be admitted pro hac vice*)
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216
Telephone: (614) 464-6400
Facsimile: (614) 464-6350
jjford@vorys.com
rtmiller@vorys.com

Attorneys for Defendant
ABNK Properties, LLC

TO PLAINTIFF ERIK LANGNER, AND TO HIS ATTORNEYS OF RECORD, RAYMOND G. BALLISTER, JR., ESQ., MARK D. POTTER, ESQ., AND THE CENTER FOR DISABILITY ACCESS:

Defendant ABNK PROPERTIES ("Defendant"), for itself alone and no other defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiff ERIK LANGNER, ("Plaintiff") as follows:

1. Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

2. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees.

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

FIRST SEPARATE AND AFFIRMATIVE DEFENSE

3. The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action.

SECOND SEPARATE AND AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred in whole or in part by reason of Defendant's compliance with all applicable laws, statutes, and regulations.

THIRD SEPARATE AND AFFIRMATIVE DEFENSE

5. Plaintiff has failed to establish subject matter and/or personal jurisdiction and/or exhaust applicable remedies, including but not limited to, local and administrative address, or due to lack of compliance with 42 U.S.C. § 2000(a)(3)(a) made applicable to the ADA pursuant to 42 U.S.C. § 12188(a)(1) and Plaintiff's claims are precluded by failure of adequate process and/or adequate service of process.

FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

6. While Defendant specifically denies any liability, claims asserted in the Complaint are barred in whole or in part to the extent that they violate applicable statutes of limitation, including but not limited to, California Code of Civil Procedure sections 338(a), 339 and 340.

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

7. The Complaint, and each of its causes of action, is barred by the doctrine of unclean hands.

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

8. Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

9. Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

10. The Complaint, and each of its causes of action, is barred by the doctrine of laches.

NINTH SEPARATE AND AFFIRMATIVE DEFENSE

11. The Complaint, and one or more requests for relief in the Complaint, fails to allege facts sufficient to warrant the relief and/or form of relief sought.

TENTH SEPARATE AND AFFIRMATIVE DEFENSE

12. Defendant alleges, upon information and belief, that at all relevant times Defendant had good faith defenses, based in law and/or fact, which if upheld would have precluded any recovery by Plaintiff based upon the allegations of the Complaint.

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

13. The allegations maintained and the requested relief, including accommodation, construction, alterations, modifications or barrier removal are not legally required, not within acceptable construction tolerances, or are structurally impractical, technically unfeasible, not readily achievable, or not legally necessary to make access readily accessible to and useable by individuals with disabilities.

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

14. The new construction and/or alterations requirements of Title III of the ADA and/or any design/construction standards in any way deriving from the Americans with Disabilities Act Accessibility Guidelines and/or Title 24 of the California Code of Regulations, the California Building Code or any other California accessibility law are not applicable to the facility and/or elements thereof complained against.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15. Defendant asserts that the relief sought by Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations of Defendant.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16. Plaintiff is not the real party in interest in this litigation and may not be able to establish or maintain standing. Alternatively, Plaintiff has not complained against the proper party and has not sustained an injury in fact; no case or controversy exists and Plaintiff improperly seeks an advisory opinion for non-justicable claims.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17. Plaintiff failed to mitigate or make reasonable efforts to mitigate his alleged damages, and the recovery of damages, if any, must be barred or reduced accordingly.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18. Any claim for equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event investigation or discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2. That Defendant be awarded its reasonable costs and attorneys' fees; and

3. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: January 6, 2011

PAUL, HASTINGS, JANOFSKY & WALKER LLP
VORYS, SATER, SEYMOUR AND PEASE LLP

By: ______________________
PHILIPPE A. LEBEL

Attorneys for Defendant
ABNK Properties, LLC

LEGAL_US_W # 66863063.1

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss:
CITY OF LOS ANGELES AND COUNTY OF LOS ANGELES )

I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228.

On January 6, 2011, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT ABNK PROPERTIES LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Raymond G. Ballister, Jr., Esq.
Mark D. Potter, Esq.
Center for Disability Access
9845 Erma Road, Suite 300
San Diego, CA 92131-1084

☐ **VIA OVERNIGHT MAIL:**

By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on with postage thereon fully prepaid, at Los Angeles, California.

☐ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 6, 2011, at Los Angeles, California.

K. Cutler
Kassandra C. Cutler

# Exhibit 3

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARIA A. AUDERO (SB# 210141)
PHILIPPE A. LEBEL (SB# 274032)
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
ABNK Properties, LLC

*Additional Counsel for Defendant ABNK Properties, LLC on Next Page*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF VENTURA

ERIK LANGNER,

Plaintiff,

vs.

ABNK PROPERTIES, LLC, A Delaware Corporation; ALEX L. FISHMAN, Partner F A INVESTMENT CO.; LARRY F. FISHMAN, PARTNER F A F INVESTMENT CO.; MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, LAWRENCE O. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; THOMAS S. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, WILLIAM C. MACKEL, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP; RANDOLPH WISE, GENERAL PARTNER MACKEL WALLIS DEVELOPMENT, A CALIFORNIA GENERAL PARTNERSHIP, and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 56-2010-00383325-CU-CR-SIM

**DEFENDANT ABNK PROPERTIES LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

VORYS, SATER, SEYMOUR AND PEASE LLP
JACKLYN J. FORD (*to be admitted pro hac vice*)
RICHARD T. MILLER (*to be admitted pro hac vice*)
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216
Telephone: (614) 464-6400
Facsimile: (614) 464-6350

Attorneys for Defendant
ABNK Properties, LLC

TO PLAINTIFF ERIK LANGNER, AND TO HIS ATTORNEYS OF RECORD, RAYMOND G. BALLISTER, JR., ESQ., MARK D. POTTER, ESQ., AND THE CENTER FOR DISABILITY ACCESS:

Defendant ABNK PROPERTIES ("Defendant"), for itself alone and no other defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiff ERIK LANGNER, ("Plaintiff") as follows:

1. Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

2. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or any of their past or present agents, representatives, or employees.

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

FIRST SEPARATE AND AFFIRMATIVE DEFENSE

3. The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action.

SECOND SEPARATE AND AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred in whole or in part by reason of Defendant's compliance with all applicable laws, statutes, and regulations.

THIRD SEPARATE AND AFFIRMATIVE DEFENSE

5. Plaintiff has failed to establish subject matter and/or personal jurisdiction and/or exhaust applicable remedies, including but not limited to, local and administrative address, or due to lack of compliance with 42 U.S.C. § 2000(a)(3)(a) made applicable to the ADA pursuant to 42 U.S.C. § 12188(a)(1) and Plaintiff's claims are precluded by failure of adequate process and/or adequate service of process.

FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

6. While Defendant specifically denies any liability, claims asserted in the Complaint are barred in whole or in part to the extent that they violate applicable statutes of limitation, including but not limited to, California Code of Civil Procedure sections 338(a), 339 and 340.

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

7. The Complaint, and each of its causes of action, is barred by the doctrine of unclean hands.

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

8. Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

9. Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

10. The Complaint, and each of its causes of action, is barred by the doctrine of laches.

NINTH SEPARATE AND AFFIRMATIVE DEFENSE

11. The Complaint, and one or more requests for relief in the Complaint, fails to allege facts sufficient to warrant the relief and/or form of relief sought.

TENTH SEPARATE AND AFFIRMATIVE DEFENSE

12. Plaintiff's Complaint, and each purported cause of action contained therein, is barred because Plaintiff knowingly assumed the risks of any injury or damage alleged in his Complaint.

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint, and each purported cause of action contained therein, is barred because Plaintiff patronized Defendant's facility for the purposes of filing a complaint under California Civil Code Sections 54, 54.1(a)(1) and 54.3 and Title III of the ADA. Plaintiff patronized or planned to patronize this place with the belief that such place allegedly

had inaccessible parking spaces or other mere technical statutory or regulatory violations, so as to provide him with an opportunity to file a complaint for relief and damages.

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

14. To the extent Plaintiff was not personally impeded in his mobility by virtue of the location of the accessible parking spaces, his claims are barred because he has no standing to sue.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15. Defendant alleges, upon information and belief, that at all relevant times Defendant had good faith defenses, based in law and/or fact, which if upheld would have precluded any recovery by Plaintiff based upon the allegations of the Complaint.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16. The allegations maintained and the requested relief, including accommodation, construction, alterations, modifications or barrier removal are not legally required, not within acceptable construction tolerances, or are structurally impractical, technically unfeasible, not readily achievable, or not legally necessary to make access readily accessible to and useable by individuals with disabilities.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17. The new construction and/or alterations requirements of Title III of the ADA and/or any design/construction standards in any way deriving from the Americans with Disabilities Act Accessibility Guidelines and/or Title 24 of the California Code of Regulations,

the California Building Code or any other California accessibility law are not applicable to the facility and/or elements thereof complained against.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18. Defendant asserts that the relief sought by Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations of Defendant.

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19. Plaintiff is not the real party in interest in this litigation and may not be able to establish or maintain standing. Alternatively, Plaintiff has not complained against the proper party and has not sustained an injury in fact; no case or controversy exists and Plaintiff improperly seeks an advisory opinion for non-justicable claims.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20. Plaintiff failed to mitigate or make reasonable efforts to mitigate his alleged damages, and the recovery of damages, if any, must be barred or reduced accordingly.

NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

21. Any claim for equitable relief is barred because Plaintiff has an adequate and complete remedy at law.

TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

22. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event investigation or discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

2. That Defendant be awarded its reasonable costs and attorneys' fees; and

3. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: January 7, 2011

PAUL, HASTINGS, JANOFSKY & WALKER LLP
MARIA A. AUDERO
PHILIPPE A. LEBEL

By: ______________________
MARIA A. AUDERO

Attorneys for Defendant
ABNK Properties, LLC

LEGAL_US_W # 66871348.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss:
CITY OF LOS ANGELES AND COUNTY OF LOS ANGELES )

I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228.

On January 7, 2011, I served the foregoing document(s) described as:

**DEFENDANT ABNK PROPERTIES LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Raymond G. Ballister, Jr., Esq.
Mark D. Potter, Esq.
Center for Disability Access
9845 Erma Road, Suite 300
San Diego, CA 92131-1084

☐ **VIA OVERNIGHT MAIL:**

By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on with postage thereon fully prepaid, at Los Angeles, California.

☐ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 7, 2011, at Los Angeles, California.

K. Cutler
Kassandra C. Cutler